## LOVE v. FLAHIVE.

ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 236. Submitted March 8, 1907.—Decided March 25, 1907.

In a contest over a homestead entry, whether there was a sale and whether the thing sold was or was not the tract in question, are matters of fact to be determined by the testimony, and the findings of the Land Department in those respects are conclusive in the courts.

While a homesteader cannot make a valid and enforceable contract to sell the land he is seeking to enter, he is not bound to perfect his application but may abandon or relinquish his rights in the land, and if he in fact makes a sale he is no longer interested in the land and the Government can treat the sale as a relinquishment and patent the land to other applicants.

83 Pac. Rep. 882, affirmed.

ON December 3, 1900, Edward H. Love commenced this suit in the District Court of Missoula County, Montana, to have Annie Flahive, the holder of the legal title to a specified tract in that county, adjudged to hold it in trust for him. A demurrer to the complaint was sustained by the District Court and, no amendment being asked, judgment was entered for the defendants. This judgment was affirmed by the Supreme Court of the State (83 Pac. Rep. 882), from which court the case was brought here on writ of error.

The facts, as stated in the complaint and attached exhibits, are that plaintiff, with the purpose of entering the land as a homestead and being qualified therefor, in May, 1882, settled upon, occupied and fenced the entire tract, with the exception of the north twenty acres thereof. In addition to a controversy in the Land Department with the Northern Pacific Railroad Company, which claimed the land under its grant, but whose claim was finally rejected, he had a contest in the Land Department with Michael Flahive, who was also seeking to enter the land, which, after several hearings before the local land officers, with appeals to and decisions by the Commissioner of the General Land Office and the Secretary of the Interior, resulted in a final decision against him and an award of the land to the defendant Annie Flahive, the widow of Michael Flahive, who had died pending the proceedings. In pursuance of that award a patent was issued to her in December, 1899.

*Mr. Thomas C. Bach*, with whom *Mr. Charles Edmund Pew* was on the brief, for plaintiff in error, submitted:

The Land Department has authority to make such findings of fact as are necessary in the determination of the one question which was committed to it by the acts of Congress, namely, who had made the first settlement upon the land and otherwise complied with the law so as to be entitled to patent. But its authority ends there. Being created for the purpose of performing certain enumerated duties, and its

judicial powers being defined by statute, its jurisdiction is limited to the power expressly granted. Sec. 2273, Rev. Stat.

The Land Department found repeatedly that Love made the first settlement and conformed to the other provisions of the law, which finding has never been reversed. Right there its jurisdiction ended, and the patent should have been issued to Love upon that finding.

The authority to pass upon equities claimed to exist between parties is vested in the courts, and no attempted usurpation of that authority by a special tribunal can in any degree affect the jurisdiction of the courts in such controversies. *Garland* v. *Wynne*, 20 How. 6.

Any unexecuted sale of preëmption rights, whether they were those of Love or Finley, was, under the provisions of § 2263, Rev. Stat., absolutely as though it had never been conceived. Where particular contracts are inhibited by statute, and if attempted are in positive terms declared "utterly null and void," such contracts will not be enforced. *Gibbs* v. *Cons. Gas Co.*, 130 U. S. 396; and see *Miller* v. *Ammon*, 145 U. S. 421; *Quinby* v. *Conlan*, 104 U. S. 420; *Hartman* v. *Butterfield Co.*, 199 U. S. 337.

*Mr. S. M. Stockslager* and *Mr. George C. Heard,* with whom *Mr. Elmer E. Hershey* was on the brief, for defendant in error, submitted:

To entitle a party to relief in equity against a patent of the Government, he must show a better right to the land than the patentee. It is not sufficient to show that the patentee ought not to have received the patent. It must appear that, by the law properly administered, the title should have been awarded to the claimant. *Sparks* v. *Pierce,* 115 U. S. 408; *Bohall* v. *Dilla*, 114 U. S. 47; *Lee* v. *Johnson,* 116 U. S. 48.

The Land Department is a tribunal appointed by Congress to decide certain questions relating to the public lands; and its decision upon matters of fact cognizable by it, in the absence of fraud or imposition, is conclusive everywhere else.

*Lee* v. *Johnson,* 116 U. S. 48; *Johnson* v. *Towsley,* 13 Wall. 72; *Warren* v. *Van Brunt,* 19 Wall. 646; *Shepely* v. *Cowan,* 91 U. S. 330; *Moore* v. *Robbins,* 96 U. S. 530; *Marquez* v. *Frisbie,* 101 U. S. 473; *Vance* v. *Burbank,* 101 U. S. 514; *Quinby* v. *Conlan,* 104 U. S. 420; *St. Louis Smelting Co.* v. *Kemp,* 104 U. S. 636; *Steel* v. *St. Louis Smelting Co.,* 106 U. S. 447; *Baldwin* v. *Starks,* 107 U. S. 463; *United States* v. *Minor,* 114 U. S. 233.

The Secretary has jurisdiction at any time prior to the issuing of patent to cancel any entry. He also has jurisdiction to order a hearing for the purpose of obtaining the facts to enable him to determine, in a contest case, whether either claimant, and if either, which one, has the better right, and in doing so he may overrule any and all other decisions theretofore made. *Michigan Land and Lumber Co.* v. *Rust,* 168 U. S. 589; *Beley* v. *Napthaly,* 169 U. S. 353; *Knight* v. *U. S. Land Association,* 142 U. S. 161; *Brown* v. *Hitchcock,* 173 U. S. 473; *Hawley* v. *Diller,* 178 U. S. 476; *Harkrader* v. *Goldstein,* 31 L. D. 87.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

Plaintiff rests his case on the contention that in the conclusions of the Secretary of the Interior there was error in matter of law; inasmuch as it is well settled that in the absence of fraud or imposition the findings of the Land Department on matters of fact are conclusive upon the courts. *Johnson* v. *Towsley,* 13 Wall. 72; *Lee* v. *Johnson,* 116 U. S. 48; *Lake Superior &c. Co.* v. *Cunningham,* 155 U. S. 354, 375; *Burfenning* v. *Chicago, St. Paul &c. Railway,* 163 U. S. 321, 323; *Gonzales* v. *French,* 164 U. S. 338; *Johnson* v. *Drew,* 171 U. S. 93, 99.

He also invokes the authority of *Noble* v. *Union River Logging Railroad,* 147 U. S. 165, 176, to the effect that when by the action of the Department a right of property has become vested in an applicant it can be taken away only by a

proceeding directly for that purpose, and contends that his right to the land was determined by certain findings of the Commissioner of the General Land Office on July 26, 1892, affirmed by the Secretary of the Interior on January 12, 1894. It is doubtless true that when once a patent has issued the jurisdiction of the Land Department over the land ceases, and any right of the Government or third parties must be asserted by proceedings in the courts. *United States* v. *Stone,* 2 Wall. 525, 535; *Michigan Land & Lumber Company* v. *Rust,* 168 U. S. 589, 593, and cases cited. It may also be conceded that a right of property may become vested by a decision of the Land Department, of which the applicant cannot be deprived except upon proceedings directly therefor and of which he has notice. *Cornelius* v. *Kessel,* 128 U. S. 456; *Orchard* v. *Alexander,* 157 U. S. 372, 383; *Parsons* v. *Venzke,* 164 U. S. 89; *Michigan Land & Lumber Company* v. *Rust, supra.* Without undertaking to indicate the limits to which this can be carried, it is enough to say that the proceedings in this case, both in the local land offices and by appeals and reviews in the General Land Office, were within the settled rules of procedure established by the Department in respect to such matters. Generally speaking, the Land Department has jurisdiction until the legal title has passed, and the several steps in this controversy were before the issue of the patent, while the jurisdiction of the Land Department continued, and with both parties present and participating. The question of title was in process of administration and until the patent issued nothing was settled so as to estop further inquiry. *Knight* v. *U. S. Land Association,* 142 U. S. 161; *Michigan Land & Lumber Company* v. *Rust, supra.* So, although it be conceded that the findings of the Secretary of the Interior, in 1894, were to the effect that the plaintiff had a right to enter the land, that decision was not final, and it was within the jurisdiction of the Land Department to institute further inquiry, and upon it to finally award the land to the party held to have the better right.

This brings us to the pivotal fact. It appears from the complaint and exhibits that during the time that these proceedings were pending in the Land Department, Love made a sale to James Rundall of the tract in controversy, or some other tract, or some logs, and that Rundall thereafter made a sale of the same property to Flahive. What was the thing sold is not positively shown by the testimony. In the final decision of the case the Secretary of the Interior, after giving a synopsis of the testimony, which he says is largely incomplete and irrelevant and not entirely satisfactory upon the question, says:

"The witnesses Vanderpool and Lynch testify that Love had a place for sale which included the tract in controversy; Rundall that he purchased the tract in controversy from Love. The latter denies any sale of the land, but states that he sold some logs for W. H. Finley. It is evident from Love's statement of the transaction that, conceding the sale to be only of logs, he was aware that the land upon which the logs were situated would be claimed by the purchaser of the logs, not by virtue of the sale of the logs, but because it appears that he sold the logs for the reason that the claim of W. H. Finley, upon which the logs were situated, was about to be taken by Rundall.

\*          \*          \*          \*          \*          \*          \*          \*

"It appears that a clear preponderance of the testimony shows that the logs were situated upon the land in controversy; and from Love's evidence it is shown that he at the time of this sale laid no claim to the land upon which this unfinished cabin was erected.

\*          \*          \*          \*          \*          \*          \*          \*

"It thus appears that from a preponderance of the testimony it is shown that this tract of land was not claimed by Love at the date of the sale of this land or of these logs; for it is evident that in either case Love asserted no title. It matters not, under the peculiar circumstances of this case, whether Love sold his own land or the land of W. H. Finley, or simply

logs; as in the first instance it would work an estoppel of the. assertion of claim now, in the second it would be conclusive evidence that the land was not claimed by him, and in the third it would be equally evidence of the same fact, as from his own testimony it appears that he laid no claim to the land upon which the logs were situated.

"This decision is not to be understood as holding that Love, in selling the Finley claim to Rundall, conveyed to the latter any title, or. that Rundall, in selling to Flahive, did so; but it appearing that this sale was made, it is conclusive evidence that Love asserted, at that time, no title in himself, or if he had prior to such time asserted title, that by· such sale he relinquished all claim in and to the tract in controversy; and that he is in equity and good faith estopped from asserting title against the vendee of the purchaser from him.

."The decision appealed from is therefore affirmed and the application of Love· to enter the tract in controversy is ·held subject to the rights of. Annie Flahive, the widow of Michael Flahive." ·

Of course, whether there was a sale, and what was the thing sold, were matters of fact to be determined by the testimony, and the findings of the Land Department in that respect are conclusive in the courts. It is objected by the plaintiff ·that a sale of a homestead prior to the issue of patent ·is void under the statutes of the United States. *Anderson* v. *Carkins,·* 135 U. S. 483. This is undoubtedly the law, and the ruling of the Secretary was not in conflict with it, but the fact that one seeking to enter a tract of land as a homestead cannot make a valid sale thereof is not at all inconsistent with his right to relinquish his application for the land, and so the Secretary of· the Interior ruled. While public policy may prevent enforcing a contract of sale, it does not destroy its significance as a declaration that the vendor no longer claims any rights. He cannot sell and at the same time . deny that he has made a sale. The Government may fairly treat it as a relinquishment, an abandonment of his application

and entry. No man entering land as a homestead is bound to perfect his title by occupation. He may abandon it at any time, or he may in any other satisfactory way relinquish the rights acquired by his entry. Having done that, he is no longer interested in the title to the land. That is a matter to be settled between the Government and other applicants. In this case, Love having relinquished his claim, it does not lie in his mouth to challenge the action of the Government in patenting the land to Mrs. Flahive.

We see no error in the record, and the judgment of the Supreme Court of Montana is

*Affirmed.*

MR. JUSTICE WHITE took no part in the decision of this case.