### BOWMAN v. WHEELER et ux.
### No. 1414.

District Court of Alaska. Third Division. Valdez.
April 15, 1936.

L. V. Ray and J. L. Reed, both of Seward, for plaintiff.
Thomas M. Donohoe, of Cordova, for defendants.

HELLENTHAL, District Judge.

This matter came on for hearing upon the demurrer of the defendant, Ethel Wheeler. Time allowing the various parties to file briefs having been extended from time to time and all parties now having filed such briefs as they desire, the court is of the opinion that the demurrer herein should be overruled.

The purpose of this action is to foreclose an equitable lien established by the Washington Court in a case in which both of the defendants were personally served and present, which lien covers a fox island permit, the animals and certain equipment thereon.

Three reasons are urged why the demurrer should be sustained:

The first, that the Washington Court had no jurisdiction over the property and that since the Court did not give a personal judgment against the defendant, Ethel Wheeler, the complaint does not state a cause of action.

Second, that the description is insufficient and

Third, that the permit is not transferrable, is a personal right and entirely subject to the control of the Secretary of Agriculture.

As the first question involved, it is urged that although the Washington Court had jurisdiction of the parties and the Court could have compelled the parties to make a mortgage in favor of the plaintiff, it had no right to decree a lien on property situated in Alaska in favor of the plaintiff. This seems to be the rule as stated in the case of Groom v. Mortimer Land Company, 5 Cir., 192 F. 849, 852, 853, where the courts say: " * * * While a decree or a deed executed by a court officer by its direction is held insufficient to transmit title to real estate situated in a jurisdiction other than that of the forum, yet if the owner himself executes the conveyance, though in obedience to a decree of court, the rule is different. * * * "

■■ There are exceptions to the above rule, and since a foreign judgment is involved it is the duty of the court on a hearing on demurrer to give it effect and to indulge in every possible presumption in its favor.

In the case of Clark v. Iowa Fruit Co., C.C., 185 F. 604, 613, the court quoted the case of Byrne v. Jones, 8 Cir., 159 F. 321, 329, where the court quoting from Chief Justice Marshall, Massie v. Watts, 6 Cranch 148, 3 L.Ed. 181,

said: " * * * But where the question changes its character, where the defendant in the original action is liable to the plaintiff, either in consequence of contract, or as trustee, or as the holder of a legal title acquired by any species of mala fides practiced on the plaintiff, the principles of equity give a court jurisdiction, wherever the person may be found, and the circumstance that a question of title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest that jurisdiction." The court holds: "A court of chancery has plenary power to affect the title to real estate beyond its jurisdiction by a sale and conveyance thereof by its master or otherwise by its decree in suits to execute trusts, to undo frauds, and to enforce contracts regarding such real estate, whenever it has acquired jurisdiction of the persons of the parties interested therein, for the reason that equity acts through the person."

■ The next objection, that the description is insufficient, clearly cannot be sustained since some of the matters are sufficiently described although the description as a whole may not be very satisfactory.

■ The third objection is answered by the case of Alaska Consolidated Oil Fields et al. v. Rains, 9 Cir., 54 F.2d 868, 873, 5 Alaska Fed. 602, in which the courts say: " * * * The court also held that a permittee, having secured a prospecting permit from the Secretary of the Interior, had a valuable right which he could transfer in conformity with the decree of the court. Inasmuch as the decision [referring to Witbeck v. Hardeman, 5 Cir., 51 F.2d 450] deals with the nature of the rights of a permittee which are involved in this litigation, and in view of the fact that we concur in what was said by Judge Sibley, speaking for the court, we quote therefrom at length as follows * * *." and holds, "In view of the decisions with reference to the inchoate rights of a locator under the placer mining laws before discovery, and the analogous but more definitely determined rights of a locator who has acquired a

60

prospecting permit, we see no reason to doubt that, when the territorial Legislature of Alaska enacted its Mechanic's Lien Law of 1921, supra, in favor of those working in or about oil wells, it intended to include in its definition of owner one who held such a permit from the Secretary of the Interior. We hold that he is an owner of an interest in the land within the meaning of the laws of Alaska under consideration, and that his interest therein is subject to a mechanic's lien, without prejudice to the rights of the government."

I have this date, Wednesday, April fifteenth, A. D. 1936, overruled the demurrer in the above entitled cause and have given the defendant, Ethel Wheeler, thirty days to answer, and have noted an objection and allowed the defendant, Ethel Wheeler, an exception to said ruling.