## 11272

### DAVIS v. HOME INS. CO.

#### (118 S. E., 536)

INSURANCE—COMMENCES ON DATE OF COUNTERSIGNING, THOUGH POLICY
FIXES EARLIER DATE.—Where, on June 13, 1921, insured paid one
who was not an insurance agent for insurance on an automobile for
a year, four days later insurer countersigned and issued the policy,
dated June 13, 1921, and purporting to fix the term of insurance
from June 13, 1921, to June 13, 1922, but containing a provision that
the policy was valid only when countersigned by a duly authorized
agent, *held,* that damage to the automobile occurring on June 15,
1922, was covered by the policy.

Before WHALEY, J., County Court, Richland. 1922.
Reversed.

Action by Henry Davis against Home Insurance Co.
From a directed verdict for defendant, the plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Policy
dated from actual countersignature by agent:* 19 Cyc., 601,
655, 656, 661, 662; 95 U. S., 673. *Policy construed against
insurer:* 115 S. C., 53; 180 U. S., 132; 112 S. C., 335; 2
Bay 220.

*Messrs. Benet, Shand & McGowan,* for respondent, cite:
*Risk commenced with completion of contract:* 1 Cooley
Briefs Ins., 830, 3, 76, 411; 96 S. C., 44. *Duration of risk:*
6 R. C. L., 894; 14 R. C. L., 943. *Intent of parties governs
construction:* Ell. Conts. Sec., 1508; Cooley Briefs Ins.,
627-29; Joyce Ins., 555; 102 S. C., 242; 100 S. E., 152;
Bish. Conts. Sec., 105. *Written portions of policy prevail
over printed:* Ell. Conts. Sec., 1525; 14 R. C. L., 933;
Joyce Ins. Sec. 233, 2671; 6 R. C. L., 847; Cooley Briefs
Ins., 86 S. C., 687. *Policy merges prior agreements:* 68
S. C., 387; Joyce Ins., 542; 86 S. C., 687. *As to Counter-
singing:* 14 R. C. L., 885; Ell. Conts. Sec. 4046; Cooley
Briefs Ins., 441; Joyce Ins., Sec. 177, 530. *Parol contract
of insurance good:* 37 S. C., 56. *Proof of agency:* 98
S. E., 847.

July 16, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon a policy of insurance issued upon an automobile. The sole question involved is whether or not the policy was in force at the time of the injury to the car insured against.

On June 13, 1921, the plaintiff purchased an automobile from Capital City Garage & Tire Company for $1,250; in the settlement the plaintiff, by cash and note secured by mortgage, paid for the car and insurance thereon for a year; the seller was not an agent of the insurance company, but undertook to procure the insurance for the plaintiff and to protect itself; on the 17th, four days later, the insurance company issued the policy, which was dated June 13, 1921, and fixed the term of insurance from June 13, 1921, to June 13, 1922, duly countersigned the policy contained a provision that it should be valid only when countersigned by the duly authorized agent of the company; on June 15, 1922, the car was damaged in a collision, a risk covered by the policy, and, the company refusing to pay, this action was instituted for the amount of the policy, $1,000.00. Upon the trial before Hon. M. S. Whaley, County Judge, and a jury, he directed a verdict for the defendant, upon the ground that at the time of the collision the policy had expired by its limitation; the correctness of this ruling is the only point involved.

The obvious intention of the parties was to provide insurance for a year. Under the provisions of the policy there could have been no liability upon the insurance company until the policy had been countersigned, which was not done until June 17, 1921. During that interval, the company not being liable, the plaintiff had no insurance. It would be unjust that he be required to pay for insurance upon which it was impossible for him to have realized in the event of

loss; and it is nothing but fair that he should have the benefit of the full term for which he has paid, which would be one year from June 17, 1921, inclusive of June 15, 1922, the date of the collision.

A strikingly similar case is that of *Cecil v. Ins. Co.,* 165 Ky. 211; 176 S. W. 986. The application for insurance upon a horse was dated March 26, 1913; it was accepted at the home office on March 29, 1913, and delivered on April 1, 1913; the time was fixed "from the 26th day of March, 1913, at noon, to the 26th day of March, 1914, at noon"; it contained a provision that it should not be in force until delivered to the insured and payment of premium; the horse died on March 27, 1914.

The Court held:

"Since Cecil paid for insurance for a year, which according to the application was not to begin until the premium was paid, there would have been no liability under the policy until it was delivered and the premium was paid, and consequently the year did not begin to run until April 1, 1913."

"Though a policy is, by its terms, to take effect at a certain time, yet it may be shown that, from want of delivery, failure to comply with some condition precedent, or other cause, it did not take effect till a subsequent time." *Ins. Co. v. Goodall,* 35 N. H., 328.

In the case of *Stinchcombe v. Ins. Co.,* 46 Or., 316; 80 Pac., 213, the facts were these: The application for insurance was made on May 5, 1894; the policy was signed and issued on July 10, 1894; it was delivered to the insured and the premiums for two years paid on July 24, 1894; it was stipulated in the application that the policy should not be in force until the actual payment of the premium; the policy required the payment of the advance premiums for two years and of an annual payment of a premium on May 5th of each year after the issuance of the policy; it will be observed that the annual date was fixed at May 5th, the an-

niversary of the date of the application and not of the issuance of the policy; the insured died on July 3, 1896, within two years after the issuance of the policy, but not within two years after the date of the application, and not having paid the premium claimed to have been due on May 5, 1896. The controversy between the company and the beneficiary is obvious. The Court held that, notwithstanding the apparent provisions of the policy fixing May 5th as the annual date of payment, the term began on July 24, 1894, when the policy was issued, and ended two years from that date. The reasoning of the Court is so applicable to the present controversy that we quote:

"If, therefore, the policy was not to be in force *to bind the company* until the concurrence of the conditions designated, it is a most reasonable and fair deduction that it was also not intended that it should become effective *as it concerned the assured* at a date prior to their fulfillment. The defendant either insured Stinchcombe from the 5th day of May, or it did not insure him until the 24th day of July, when the policy was delivered and the premiums paid and accepted by it. It is certain that it did not make itself liable until the latter date, and *are we to suppose that, without engagement to that purpose, the company intended to collect the premiums and the insured to pay for insurance he did not have?* Rather would the deduction be to the contrary. And such is our interpretation of the contract, that it did not become effective and binding as an insurance upon the life of Stinchcombe until such latter date, either to fix the liability of the company or to require the insured to pay for insurance in the meanwhile." (Italics added.)

The judgment of this Court is that the judgment of the County Court be reversed and the case remanded for a new trial.

Mr. Chief Justice Gary not participating.