# HODGSON *v.* FEDERAL OIL AND DEVELOPMENT COMPANY ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 166. Argued February 24, 25, 1927.—Decided April 11, 1927.

1. A motion in this Court to amend a bill on appeal, *overruled,* when it did not appear that the facts sought to be added were newly discovered, and in the absence of any affidavit concerning them. P. 17.

2. The provision of the Oil Land Leasing Act of February 25, 1920, that " all leases hereunder shall inure to the benefit of the claimant and all persons claiming through or under him " (§ 18), does not apply to one claiming an interest, not through or under the lessee but through the heirs of one of the original locators of the relinquished placer claim. P. 18.

3. Where the lease was secured by one who, having become part owner of a placer claim located by eight persons, had held exclusive adverse possession of it, claiming the whole, for many years before relinquishing it under the above Act and obtaining the lease, the heirs of one of the original locators, who were ignorant of having rights under the Act, and did not comply with its terms during the six months allowed, have no interest under the lease upon the theory that the lessee, as their co-tenant, was their fiduciary. P. 18.

4. If the interests of co-tenants accrue at different times, under different instruments, and neither has superior means of information respecting the state of the title, then either, unless he employ his co-tenancy to secure an advantage, may acquire and assert a superior outstanding title, where there is no joint possession. P. 19.

5. Uninterrupted possession of a mining claim by part of the owners for fifteen years, under assertion of right based on recorded conveyances purporting to pass to them the whole claim, with no recognition of others as co-owners, is exclusive and hostile, and not in any relationship of trust and confidence. P. 20.

5 F. (2d) 442, affirmed.

APPEAL from a decree of the Circuit Court of Appeals which affirmed a decree of the District Court dismissing

a bill seeking to hold the two appellee óil companies as trustees for the appellant to the extent of a one-eighth interest in a lease of oil land.

*Mr. James M. Hodgson, pro se,* with whom *Mr. F. E. Pendell* was on the brief, for appellant.

*Mr. Harold D. Roberts,* with whom *Messrs. Tyson S. Dines, Peter H. Holme,* and *J. Churchill Owen* were on the brief, for appellees.

Mr. Justice McReynolds delivered the opinion of the Court.

Appellant seeks to establish his right to a one-eighth interest in an oil and gas lease upon one hundred and sixty acres of land in Wyoming granted August 21, 1920, by the United States to appellee Federal Oil and Development Company under § 18, Act of Congress approved February 25, 1920, c. 85, 41 Stat. 437, 443. The lease was afterwards assigned to The Mountain and Gulf Oil Company upon conditions not here important.

The bill, filed May 26, 1922, proceeds upon the theory—

That January 11, 1887, George McManus and seven associates located a placer mining claim—The O'Glase—and thereafter perfected the same; McManus died in 1901, his one-eighth interest descended to his heirs and has never been forfeited, abandoned or lost; these heirs lived beyond Wyoming and were unaware of their interest in the claim for twenty years; the land is within the district withdrawn from entry by Executive order of September 27, 1909; the Federal Oil and Development Company, having become part owner of the claim, took possession and thereafter, asserting ownership to the whole, surrendered the same and procured the existing lease in its own name under the Act of 1920. The company became a co-tenant with the McManus heirs and, consequently, the lease ob-

tained by it inured to their benefit; appellant purchased their interest February 11, 1922, and may now impress a trust upon the lease.

The trial court held that no adequate ground for relief was disclosed and dismissed the bill upon motion. This was affirmed by the Circuit Court of Appeals. 5 Fed. (2d) 442.

A motion to amend the bill, first made in this Court, must be overruled. It does not appear that the alleged facts have been recently discovered and there is no affidavit in respect of them.

The Act of February 25, 1920, provides—

"Sec. 18. That upon relinquishment to the United States, filed in the General Land Office within six months after the approval of this Act, of all right, title, and interest claimed and possessed prior to July 3, 1910, and continuously since by the claimant or his predecessor in interest under the pre-existing placer mining law to any oil or gas bearing land . . . embraced in the Executive order of withdrawal issued September 27, 1909, and not within any naval petroleum reserve, and upon payment as royalty to the United States of an amount equal to the value at the time of production of one-eighth of all the oil or gas already produced . . . the claimant, or his successor, if in possession of such land, undisputed by any other claimant prior to July 1, 1919, shall be entitled to a lease thereon from the United States for a period of twenty years, at a royalty of not less than 12½ per centum of all the oil or gas produced . . .

"All such leases shall be made and the amount of royalty to be paid for oil and gas produced, except oil or gas used for production purposes on the claim, or unavoidably lost, after the execution of such lease shall be fixed by the Secretary of the Interior under appropriate rules and regulations . . . In case of conflicting claimants for leases under this section, the Secretary of the Interior is

authorized to grant leases to one or more of them as shall be deemed just. All leases hereunder shall inure to the benefit of the claimant and all persons claiming through or under him by lease, contract, or otherwise, as their interests may appear . . . ."

"Sec. 32. That the Secretary of the Interior is authorized to prescribe necessary and proper rules and regulations and to do any and all things necessary to carry out and accomplish the purposes of this Act . . . ."

The following is one of the regulations established by the Secretary—

"24½. All proper parties to a claim for relief under section 18, 19, or 22 of the Act should join in the application; but, if for any sufficient reason that is impracticable, any person claiming a fractional or undivided interest in such claim may make application for a lease or permit, stating the nature and extent of his interest, and the reasons for nonjoinder of his co-owner or co-owners. In cases where two or more applications are made for the same claim or part of a claim, leases or permits will be granted to one or more of the claimants, as the law and facts shall warrant and as shall be deemed just."

Appellant insists that he is entitled to relief under the clause in the Act of 1920 which provides—"All leases hereunder shall inure to the benefit of the claimant and all persons claiming through or under him by lease, contract, or otherwise, as their interests may appear." But, we think, it is clear enough that he does not claim "through or under" either appellee, within the meaning of the Act. Whatever rights he has, if any, come through or under George McManus and his heirs.

He also maintains that out of the alleged co-tenancy there arose a relation of trust and confidence between the Oil and Development Company and the McManus heirs and therefore it cannot deny that the lease was procured

for the benefit of them as well as for itself, according to their respective interests.

If appellant's predecessors owned an interest in the placer claim, certainly they never put themselves in position to receive a lease from the United States under the Act of 1920. They made no effort to surrender their rights or comply with the prescribed prerequisites during the six months allowed. Prior to the granting of the lease they had no knowledge of rights now asserted. The Oil and Development Company did not obtain what otherwise would have been granted to them; and the principle under which the patentee was declared trustee for another in such cases as *Silver* v. *Ladd,* 7 Wall. 219, and *Svor* v. *Morris,* 227 U. S. 524, does not apply. *Anicker* v. *Gunsburg,* 246 U. S. 110, 117, holds: " In order to maintain a suit of this sort the complainant must establish not only that the action of the Secretary was wrong in approving the other lease, but that the complainant was himself entitled to an approval of his lease, and that it was refused to him because of an erroneous ruling of law by the Secretary."

In order to support the view that in equity and good conscience the Oil and Development Company acted for the McManus heirs in securing the existing lease, it would be necessary to allege definite facts (not mere conclusions) sufficient to show some fiduciary relationship between them. This has not been done, unless such a relationship necessarily arose because of co-tenancy. The rule as commonly stated forbids a co-tenant from acquiring and asserting an adverse title against his companions because of the mutual trust and confidence supposed to exist; but the rule does not go beyond the reason which supports it. If the interests of the co-tenants accrue at different times, under different instruments, and neither has superior means of information respecting the state

of the title, then either, unless he employs his co-tenancy to secure an advantage, may acquire and assert a superior outstanding title, especially where there is no joint possession. This exception to the general rule is recognized in *Turner* v. *Sawyer*, 150 U. S. 578, 586; *Elder* v. *McClaskey*, 70 Fed. 529, 546; Freeman on Co-Tenancy and Partition, § 155; *Shelby* v. *Rhodes*, 105 Miss. 255, 267; *Sands* v. *Davis*, 40 Mich. 14, 18; *Joyce* v. *Dyer*, 189 Mass. 64, 67; *Steele* v. *Steele*, 220 Ill. 318, 323. We know of no opinion by the courts of Wyoming to the contrary.

The bill shows that the Oil and Development Company and its predecessors were in uninterrupted possession of the mining claim from 1905 to August 21, 1920, when it relinquished the same to the United States and applied for the lease; that throughout this period they held under assertion of right based on recorded conveyances purporting to pass the whole claim to them (which undoubtedly gave color of title) and did whatever was necessary to preserve it. There is no suggestion that any of them acknowledged the title was other than what these conveyances purported to pass or recognized the heirs of McManus as co-owners. Such holding must be regarded as exclusive and hostile to all others and not in any relationship of trust and confidence. It continued for fifteen years, during which the McManus heirs asserted no conflicting right or objection. They do not appear to have been infants or under disability. In no admissible view of the leasing Act are they shown to have been entitled to the lease or any interest therein.

We need not discuss laches as an equitable defense, the effect of the ten-year limitation prescribed by the Wyoming statute or other points relied on by the appellees. In the circumstances nothing short of distinct allegations of all the facts necessary to support appellant's

claim for relief would suffice, and they are not to be found in the bill.

The decree of the court below must be

*Affirmed.*