DEVLIN et al. v. CENTRAL WYOMING OIL & DEVELOPMENT CO. SAME v. MIDWEST OIL CO. SAME v. WYOMING ASSOCIATED OIL CORPORATION.

Circuit Court of Appeals, Eighth Circuit.
June 14, 1927.

Nos. 6875–6877.

Mines and minerals ⬤⇒5—Claimants of interest in placer mining claim held not entitled to impose trust on leasehold interest acquired by another under statute (Comp. St. § 4640¼i).

Claimants of interest in placer mining claim *held* not entitled to impose trust on leasehold estate acquired by another under Act Feb. 25, 1920, § 18 (Comp. St. § 4640¼i).

Appeal from the District Court of the United States for the District of Wyoming; T. Blake Kennedy, Judge.

Separate actions by Laura E. Devlin and others against the Central Wyoming Oil & Development Company, against the Midwest Oil Company, and against the Wyoming Associated Oil Corporation. From decrees for defendants in each case, plaintiffs appeal. Decrees affirmed.

James A. Walsh, of Helena, Mont. (Michael W. Purcell, of Los Angeles, Cal., John H. Casey, of Casper, Wyo., Raymond T. Nagle, of Helena, Mont., and A. R. Honnold, of Esconido, Cal., on the brief), for appellants.

Harold D. Roberts, of Denver, Colo. (Tyson S. Dines and Peter H. Holme, both of Denver, Colo., on the brief), for appellees.

Before STONE and VAN VALKENBURGH, Circuit Judges, and WILLIAMS, District Judge.

STONE, Circuit Judge. These are appeals from decrees entered in each of three separate actions upon sustaining motions to

dismiss a bill in equity seeking to establish a right to a fractional interest in the proceeds of an oil and gas lease on described land in Wyoming. The lease was made by the Department under section 18 of the Act of February 25, 1920 (41 Stat. 437 [Comp. St. § 4640¼i]).

The cases differ as to the land involved and as to the defendants. The bills are similar in outline; the decrees present the same legal propositions on these appeals and are briefed and argued together.

The theory of each bill is that appellants are the owners of a one-eighth interest in a placer mining claim, such interest being derived from John Eames who, with seven others, jointly located the claim upon the land in question in 1887; that all work and payments required by law to be done or made to perfect the claim have been performed and the claim never abandoned, forfeited or lost; that these appellants were unaware of their rights until "recently" (the bills being filed March 31, 1924); that the land is within the district withdrawn from entry by the executive order of September 27, 1909; that appellee applied for a lease under the act of 1920 (41 Stat. 437) alleging it was alone (or with others named) sole owner of a valid placer mining claim deraigned from others than the above locators and upon this false allegation obtained such lease; that such alleged mining claim had no basis and that the location by Eames and his co-locators was valid; that appellees had mined and disposed of large quantities of· oil under such lease; that appellants are entitled to one-eighth thereof; that an accounting therefor and other relief is sought.

Although the case of Hodgson v. Federal Oil & Development Co. (C. C. A.) 5 F.(2d) 442, was expressly based on the theory of a trust and no such expression is found in these bills, yet the allegations upon which Hodgson relied as a foundation for the trust relation were essentially the same as appellants state here as the basis for an accounting and the substantial, practical results sought in that and in these cases is precisely the same. If these appellants are entitled to a portion of the proceeds under the lease it must be upon the legal theory that the lease inured to their benefit and, consequently, appellee was holding and operating it as a trustee in respect to appellants' interest in the land covered by the lease.

The Hodgson Case went on appeal to the Supreme Court which (April 11, 1927) denied these contentions made by Hodgson. Hodgson v. Federal Oil & Development Company, 47 S. Ct. 502, 71 L. Ed. ——. That de-

cision rules these cases and upon such authority it is our duty to sustain the decrees. Therefore, the decree in each of these cases must be and is

Affirmed.