**PROVIDENT LIFE & ACCIDENT INS. CO.**
**v. HUNTER.**

No. 5685.

Circuit Court of Appeals, Fourth Circuit.

Feb. 11, 1948.

C. F. Haynsworth, Jr., of Greenville, S. C. (Haynsworth & Haynsworth, of Greenville, S. C., on the brief), for appellant.

E. M. Blythe, Jr., of Greenville, S. C. (Love, Thornton & Blythe, of Greenville, S. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal by defendant from a judgment for plaintiff on a policy of life insurance. There is no dispute as to the facts and the case was heard by the judge without a jury. The sole question in the case is one of interpretation, viz., whether the term "anniversary date" as used in the policy is to be construed as the anniversary of the date which the policy bears upon its face or the anniversary of the date upon which it was delivered and the first premium paid.

The policy was for $5,000 and was dated January 24, 1936. It contained a double protection clause providing that if the death of the insured should occur while the policy was in force and before its "tenth anniversary date", an additional sum equal to the face amount of the policy would be paid. The insured died at three o'clock in the morning of January 24, 1946. The company contends that this was not before the tenth anniversary date of the policy and, having paid the face of the policy, denies liability under the double protection clause. The contention of plaintiff that death occurred before the tenth anniversary date is based upon the fact that the policy was delivered to the insured and the first premium paid on January 25, 1936, and upon the clause of the application, attached to the policy, providing that no liability should exist thereunder until the policy should be delivered to the insured and the first premium paid. The learned District Judge accepted plaintiff's contention on the theory that the insured was entitled to ten full years insurance under the double protection clause and that the term "anniversary date" should be construed as having reference to the date of delivery.

The question involved is not one of deciding the length of term insurance to which the holder of the policy may have been entitled, but of what was the anniversary date within the meaning of the lan-

guage used in the policy; and, as to this, we think the position of the company is unquestionably correct. As we said in Sellars v. Continental Life Ins. Co. 4 Cir., 30 F.2d 42, 44, "It is the custom of life insurance companies, and we think a universal custom, to issue from their home offices policies which are complete in all of their details, and to set forth in such policies the dates upon which they are issued. This date is of importance to both the company and the insured as fixing definitely the date upon which premiums are to be paid and with respect to which rights under the policy are to be calculated; and it is of the greatest importance to both that this date be not left open to any doubt or conjecture." We think it perfectly clear that it is this date which the policy bears on its face, and not the date of delivery, that the parties must be deemed to have had in mind when referring in the policy to its anniversary date; and the fact that, under this interpretation, the coverage of the double protection clause may have been less than a ten year period is beside the point. The condition of the policy is not that such coverage shall extend for ten years, but that the insured shall die before the "tenth anniversary date" of the policy.

■ The case is, of course, governed by the law of South Carolina as declared by its Supreme Court; and we construe the decisions of that court as according with what we have just stated. Directly in point, we think, is the recent case of Brown v. Mutual Life Ins. Co. of New York 186 S.C. 245, 195 S.E. 552, where the question involved was whether extended term insurance ran from the anniversary date of the policy fixed for the payment of premiums or the anniversary of the date of delivery. In holding the former to be the date contemplated by the language of the policy, the Supreme Court quoted with approval the passage heretofore quoted from the opinion in the Sellars case, and the following from the opinion of Judge Oxner in the South Carolina trial court:

"The whole plan of insurance and the determination of values thereunder was based upon and calculated from the *anniversary date* of the policy, which was

February 10th in each year. There is nothing in the policy to indicate or to give countenance to the assumption that such values are to be computed as of the anniversary date of the delivery of the policy. It would have been wholly impracticable to let the determination of the policy values depend upon the date of the delivery because this date would never be ascertainable and may vary according to many circumstances. It was necessary and proper that the parties should agree upon a date on which the premiums would fall due and from which all values should be calculated, and in the instant case this agreement was made in precise language, leaving no room for conjecture or speculation." (Italics supplied).

The case of Davis v. Ins. Co., 125 S.C. 381, 118 S.E. 536, relied on by plaintiff, is not in point, since it relates to term insurance on an automobile. It was distinguished on that ground in the leading opinion in Cantey v. Philadelphia Life Ins. Co. 166 'S.C. 181, 164 S.E. 609. In so far as it lays down any doctrine at variance with that of the Brown case, it must be held to be overruled by the latter, which is much later in time and appears to have been given much more careful consideration. Plaintiff relies, also, upon a federal decision based on Missouri law, Equitable Life Assur. Soc. v. Tucker 8 Cir., 126 F.2d 396, and the Oregon decision of Stinchcombe v. New York Life Ins. Co., 46 Ore. 316, 80 P. 213; but the law which we must apply is that laid down by the Supreme Court of South Carolina. The rule which we think established by the decisions of that court accords not only with the decision of this court in the Sellars case but also with the great weight of authority with which the Missouri and Oregon courts are at variance. See Notes 6 A.L.R. 774, 32 A.L.R. 1253, 80 A.L.R. 966. Reference has been made to our decision in Harvey v. Union Central Life Ins. Co., 4 Cir., 45 F.2d 78, which held that term insurance, under the terms of the policy there, should run, not from the date of the payment of premium, but from the date when the policy became effective. There is nothing in that case, however, inconsistent with the decision in the Sellars case or with the rule

laid down by the South Carolina decisions establishing the date which the policy bears as the anniversary date of the policy, with reference to which benefits and conditions of the policy are to be calculated.

The argument is made that the tenth anniversary date of the policy was not earlier than business hours on January 24, 1946, and that since insured died at 3 A.M., or before business hours, the double protection clause is applicable. No authority is cited in support of this proposition, and we know of none. The condition of the policy is that death occur before the tenth anniversary date, not before business hours on that date. The anniversary date, as we have seen, was January 24th; and, since death did not occur before that date, the double protection clause has no application. Death is manifestly a thing which has no relation to business hours; and there is no basis for reading anything about business hours into a provision relating to it. However much we might desire to extend the double protection clause to a death occurring only three hours after its coverage expired, there is nothing which justifies our ignoring the plain words of the policy. In such a situation it is important to remember the old maxim that hard cases are the quicksands of the law.

For the reasons stated, the judgment appealed from will be reversed.

Reversed.