137 Cal.App.2d 633 (1955)
C. R. OLLER et al., Appellants,
v.
SONOMA COUNTY LAND TITLE COMPANY (a Corporation) et al., Respondents.
Civ. No. 8626. 
California Court of Appeals. Third Dist. 
Dec. 8, 1955.
 George E. Dilley for Appellants.
 Edward T. Koford and Barrett & McConnell, for Respondents.
 PEEK, J.
 Plaintiffs instituted this action to set aside a sale under a deed of trust. By the terms of the instrument, plaintiffs as trustors transferred to defendant Sonoma County *634 Land Title Company, as trustee, certain land in Sonoma County to secure money loaned to plaintiffs by defendant Pieroni, the beneficiary. The defendant John Chalmers was the purchaser at the sale. Defendant Edna Chalmers filed a disclaimer and the defendant Pieroni was not served with process. From a judgment in favor of defendants the plaintiffs now appeal, contending that the foreclosure proceedings were improper; that the trustee was guilty of bad faith; and that the property was sold for a grossly inadequate price. We conclude that none of such contentions can be sustained.
 [1] Plaintiffs first attack the foreclosure proceedings under the deed of trust, arguing that they were irregular in that the oral announcement of postponement made by an officer of the trustee was made when no one was present and hence was insufficient notice of the time and place of the postponed sale. The record, however, discloses additional evidence that the defendants Chalmers and one Poulsen were present and heard the announcement, and that the plaintiff C. R. Oller was not present. Here the deed of trust expressly authorized the trustee to postpone the sale by oral proclamation. Thus when the defendants' officer, at the time and place fixed in the original notice of sale and without further publication and posting by oral proclamation, postponed the sale to a definite future date, he was acting validly within the express provisions of the deed of trust. (Mack v. Golino, 95 Cal.App.2d 731, 734 [213 P.2d 760].) "No other notice of postponed sale need be given." (Code Civ. Proc., 694.) Since the rule in this state is so well established, any discussion of the cases from other jurisdictions cited and relied upon by plaintiffs' counsel would appear unnecessary.
 [2] Plaintiffs' second contention is that the defendant trustee was guilty of bad faith in refusing plaintiffs' request for a continuance of the sale. From the record it appears that such request was predicated upon the assurance of plaintiff C. R. Oller that he would have sufficient money within "a couple of days" to pay the amount of the indebtedness. Under like circumstances the court, in Galusha v. Meserve, 58 Cal.App. 174, 178 [208 P. 348], held that,
 "The fact that at the time of sale appellant informed the trustee that he was making arrangements to obtain money with which to pay the debt did not obligate the trustee to grant a further postponement of the sale. The creditor having become entitled to enforce payment of the note, the debtor has no valid ground on which to attack the validity of the *635 sale merely because he was not allowed further time in which to pay his debt."
 The record in the present case shows that the notice of default was filed and a copy mailed to plaintiffs by registered mail on March 31, 1952; that notice of sale was published on August 5, 1952; that on September 18, 1952, the sale was continued to September 30, 1952. In other words, six months elapsed from the date of notice of default to the date of final sale. Additionally it appears from the testimony of Oller himself that he had requested prior continuances from the trustee and at the time the trustee refused his final request for a continuance stated, "... he didn't know whether I could produce the money or not." The case of Winbigler v. Sherman, 175 Cal. 270 [165 P. 943], upon which plaintiffs place sole reliance, is not in point. There the debtor had no actual notice of the sale, and a letter written by the creditor to the debtor was couched in such terms as to convey the meaning that proceedings had not been commenced, although the date for the sale had actually been set. In addition, the machinery for which the debt was incurred was not operating satisfactorily, and lastly the debt was only approximately 10 per cent of the value of the property.
 The final contention of the plaintiffs is that the property was sold for a grossly inadequate consideration. [3] However, even assuming that the price was inadequate, that fact standing alone would not justify setting aside the trustee's sale. "In California, it is a settled rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale legally made; there must be in addition proof of some element of fraud, unfairness or oppression as accounts for and brings about the inadequacy of price." (Stevens v. Plumas-Eureka Annex Min. Co., 2 Cal.2d 493, 496 [41 P.2d 927]; see also Engelbretson v. Loan & Bldg. Assn., 6 Cal.2d 477, 479 [58 P.2d 647].) The record in this regard shows that at the time of trial and before submission of the cause, the trial court allowed plaintiffs to amend their first amended complaint which was verified by changing the allegation as to value from $16,000 to $25,000; that at the hearing conflicting testimony was given as to the value as follows: Oller testified to $25,000; a witness for plaintiffs testified to $16,000; and the defendant Chalmers testified that if he had been buying the property direct from plaintiffs he would have been willing to have paid $6,250. At the sale after 24 bids were made by three bidders, the *636 property was sold to defendant Chalmers, the highest bidder, for $5,025. The surplus proceeds of the sale in the sum of $384.48 were ultimately transferred to plaintiffs some months after the sale. As the court noted in the Engelbretson case, "Since inadequacy of price is not alone ground for setting aside the sale, the failure of the court to find upon the value of the property is immaterial." Necessarily, therefore, since the record discloses no irregularity in the foreclosure sale nor any unfairness on the part of the trustee or injury to plaintiffs by any wrongful act of the trustee; and since under the terms of the trust, the trustee was under a duty to sell the property, the alleged inadequacy in the selling price, if any, could not have resulted from any irregularity in the conduct of the sale or unfairness on the part of the trustee.
 The judgment is affirmed.
 Van Dyke, P. J., and Schottky, J., concurred.