556 P.2d 325

M. R. CROSSMAN and Helen Crossman, husband and wife, Earl J. Heink and Sylvia M. Heink, husband and wife, F. C. Thum and Kathryn Harms Thum, husband and wife, Thomas R. Gowenlock, III, Spencer D. Stewart and Mary Jane Stewart, husband and wife, Appellants,

v.

Marcellus R. MEEK, Appellee.

No. 2 CA–CIV 2230.

Court of Appeals of Arizona, Division 2.

Sept. 30, 1976.

Rehearing Denied Oct. 21, 1976.

Petition for Review Denied Nov. 23, 1976.

Raymond Huffsteter, Phoenix, for appellants.

William H. McBratney, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

This case involves the partition and sale of 80 acres of land in Pinal County, Arizona.

On April 11, 1973, appellee Marcellus R. Meek, filed a complaint alleging that he owned an undivided $\frac{1}{42}$th interest in certain land as a tenant in common with the appellants, all of whom owned a greater percentage of interest than appellee. The complaint alleged that the value of the property was $6,000 and prayed that it be partitioned, sold and the proceeds distributed to the parties in proportion to their respective shares.

Although all the appellants were duly served with process, none answered and on May 21, 1973, default judgment was entered ordering the partition and sale. The sale was finally held on April 3, 1975, and was conducted by the Pinal County Sheriff as a commissioner. It was sold to appellee for the total sum of $59 which represented the sheriff's commission and costs of the sale.

On December 19, 1975, appellants moved the court to set aside the sheriff's sale. Included in the motion was the affidavit of one of the appellants, Spencer D. Stewart, wherein he stated under oath that the property was purchased for the sum of $10,680 and that he believed the reasonable value of the property at the time of the sale was $12,000. This affidavit was unchallenged by appellee who simply relied on the fact that there was a default judgment and that appellants could therefore not complain.

On appeal two questions are raised, one of which is dispositive. A tenant in common may, at a partition sale, purchase the entire property. *Davis v. Solari,* 132 Tenn. 225, 177 S.W. 939 (1915). Although there is a fiduciary relationship between tenants in common, *Hodgson v. Federal Oil & Development Co.,* 274 U.S. 15, 47 S.Ct. 502, 71 L.Ed. 901 (1927); 20 Am.Jur.2d Cotenancy and Joint Ownership Sec. 2, p. 93, this relationship ceases when a partition has been ordered. The situation is not unlike an execution sale. The general rule in Arizona dealing with the vacation of execution sales because of inadequate bids is that mere inadequacy of price, where the parties stand on equal footing and no confidential relationship exists between them, is not in and of itself sufficient to authorize vacation of the sale unless the inadequacy is so gross as to be proof of fraud or shock the conscience of the court. *Wiesel v. Ashcraft,* 26 Ariz. App. 490, 549 P.2d 585 (1976). The case at bench represents one of those instances where the conscience of the court is shocked. As a result of the sheriff's sale the appellee, who had only $\frac{1}{12}$th interest in the land, by simply bidding in the cost of the sale, now owns all the property. Considering the property to have the value of $6,000, which appellee stated it was worth in his complaint, he has received $6,000 worth of property for nothing.

The order of the trial court denying appellants' motion is reversed, and the case is remanded with directions to enter an order setting aside the sheriff's sale and proceed in a manner consistent with this opinion.

KRUCKER and HATHAWAY, JJ., concur.