616 P.2d 898

Willard L. SCHOONOVER, Sr., and Marceline B. Schoonover, husband and wife, Plaintiffs–Appellees,

v.

ARIZONA TITLE INSURANCE AND TRUST COMPANY, an Arizona Corporation, Defendant–Appellant.

No. 1 CA–CIV 5095–A.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 19, 1980.

Feller & Cohen by Jeffrey R. Feller, Phoenix, for plaintiffs–appellees.

Toci, Musgrove, Murphy & Beck by Thelton D. Beck, Prescott, for defendant–appellant.

## OPINION

HAIRE, Judge.

A.R.S. § 33–813 A allows a debtor/trustor to reinstate a contract of indebtedness secured by a deed of trust by paying "before the date of sale" the amounts then due. The only issue presented on this appeal is whether a tender of payment is timely so as to require reinstatement when the tender is not made prior to the day scheduled for the sale, but rather is made on the day of sale approximately one hour before the time scheduled for the sale.

Although many other legal and factual issues were raised in the litigation in the trial court, no other legal issues are urged on appeal, and for the purposes of the one legal issue presented on this appeal, the essential facts are not in dispute.

In 1972 the Schoonovers (buyers/trustors) purchased property from the Cranes (sellers/beneficiaries) in a transaction which left a deferred balance evidenced by a promissory note. The payment of this deferred balance was secured by a deed of trust pursuant to the provisions of A.R.S. §§ 33–801 through 33–821. The trustee under the deed of trust was the appellant,

Arizona Title Insurance and Trust Company.

In 1973 the buyers/trustors defaulted in their obligations under the note, and the sellers/beneficiaries made appropriate written demand upon the trustee to proceed with a sale in accordance with the terms of the trust deed. The trustee gave the required 90 day notice and complied with all legal requirements, scheduling a sale of the trust property for January 4, 1974, at 10:00 a. m. Between 9:00 a. m. and 10:00 a. m. on January 4, 1974, the trustors arrived at the trustee's office and tendered the amount required under A.R.S. § 33–813 A to reinstate the secured contract. The trustee consulted with the beneficiaries and the beneficiaries' attorney. All were of the opinion that the tender was too late, but the trustee was willing to accept the tender if the beneficiaries would consent. For reasons not material to this appeal, the beneficiaries refused to consent and demanded that the sale be conducted as noticed. The trustee therefore refused the tender and at the noticed time and place sold the property at public auction.

The trustors, asserting that the sale was wrongful, sued both the trustee and the beneficiaries. The trial court found that the sale was wrongful and awarded damages to the trustors against the trustee and the beneficiaries.[1] The trustee has appealed, urging that, as a matter of law, the tender for reinstatement made by the trustors was untimely, and that the trustee correctly complied with its statutory duties in proceeding with the scheduled sale. For the reasons hereinafter stated, we agree, and therefore reverse the judgment entered by the trial court in favor of the trustors against the appellant trustee.

Insofar as pertinent to the issue presented on this appeal, A.R.S. § 33–813 A provides:

"A. If, prior to the maturity date fixed by contract, all or a portion of a principal sum or interest of a contract secured by a trust deed becomes due or is declared due by reason of a breach or default in the performance of a contract or of the trust deed the trustor . . . may, *before the date of sale* . . . reinstate by both paying to the beneficiary the entire amount then due under the terms of the contract or trust deed, other than such portion of the principal as would not then be due had no default occurred, and by curing all other defaults." (Emphasis added).

Before proceeding to a discussion of the specific statutory language which in our opinion is dispositive of this appeal, it is important to note that all that is involved here is the right of the trustor to *reinstate* the contract of indebtedness and the deed of trust by paying the unaccelerated balance due, curing other defaults, and paying the costs, expenses and attorney's fees as specified in A.R.S. § 33–813 B. We are not presented with a question of whether the trustor could, on the day of sale but prior to the actual sale, pay the full amount secured by the deed of trust together with expenses, and thereby redeem his property and avoid a forfeiture. A.R.S. § 33–813 A by its terms refers to reinstatement rights only. Different principles might well govern the determination of whether the property might be redeemed by tendering payment of the full amount of the secured indebtedness at any time before the sale.

The right to reinstate without acceleration of the entire unpaid balance of the indebtedness when foreclosure is by trustee sale [2] is one of the most important features

---

1. The question of any immunity from liability on the trustee's part pursuant to A.R.S. § 33–820 has not been urged on this appeal. We note that the trustee asserted a cross–claim for indemnity against the beneficiaries, and was awarded judgment on that cross–claim.

2. The beneficiary may elect to foreclose the deed of trust by filing a foreclosure action in the manner provided by law for the foreclosure

of real property mortgages "at any time before the trust property has been sold under the [trustee's] power of sale." A.R.S. § 33–807. Upon the filing of such an action, the right to reinstate terminates. *See* A.R.S. § 33–813 A. However, the debtor/trustor would still have the right to *redeem* the property by paying the full amount of the indebtedness secured, but without the protection afforded by the non–ac-

of Arizona's deed of trust statutory scheme, since all post–sale redemption rights are extinguished. *See* A.R.S. § 33–811 B. Recognizing this, the legislature has given the trustor not only the right to reinstate at any time "before the date of [the trustee's] sale", but also has given the trustor additional protection by providing that the date of sale may not occur before the expiration of 90 days from the recording of the notice of sale by the trustee. *See* A.R.S. § 33–807 C.

 Against this background, we now consider whether by using the language "before the date of sale" in § 33–813 A, the legislature intended to further extend the trustor's right of reinstatement so as to include the actual day on which the sale has been scheduled. The trial court, relying upon a Missouri decision, *Kleinschmidt v. Hoctor*, 361 Mo. 29, 233 S.W.2d 649 (1950), held that:

> "The words 'date' and 'day' are not synonymous. As used in this statute, the word 'date' is properly construed as referring to the time of the sale rather than the calendar date on which it occurs."

While we agree that the word "date" is not always synonymous with the word "day", it is our opinion that the plain and ordinary meaning commonly attributed to the word "date" in referring to the time when, or before or after which, some legal action must be taken, is a reference to the day, month and year when the designated event occurs. *See, e. g., In re Price's Estate*, 14 Cal.App. 462, 112 P. 482 (1911). Giving the phrase "before the date of sale" its plain and ordinary meaning, it is obvious that the trustor's tender for reinstatement made on the day of sale and less than one hour prior to the scheduled sale, was untimely.[3]

We recognize that in determining legislative intent related statutes are to be read together. *State v. Cassius*, 110 Ariz. 485, 520 P.2d 1109 (1974). The application of the foregoing principle to the language here in question reinforces the conclusion that the word "date" was used to refer only to the day, month and year, and was not intended to include the specific hour or time of the day on which the sale was scheduled. As has been pointed out by counsel for the appellant, there are several instances in the statutory provisions governing deeds of trust (A.R.S. §§ 33–801 through 33–821) in which references are made to date or time requirements. In each instance, it is clear that when the word "date" was used without modification, all that was intended was the ordinary meaning, a specific day, month and year. When something more was intended, the word "time" by itself, or in conjunction with the word "date" was used. Although several examples of such usage are set forth in the footnote,[4] perhaps the

---

celeration provisions of A.R.S. § 33–813 A. *See* A.R.S. §§ 33–726 and 12–1282.

**3.** Because of its lack of specificity, the definitional language involving the word "date" found in Webster's Third New International Dictionary is not particularly helpful one way or the other in solving the question presented on this appeal. However, the examples given are helpful and clearly illustrate that in its ordinary usage the word "date" signifies the day, month and year. *See, e. g.*:

> "1: a statement or formula affixed (as to a piece of writing, inscription, or coin) that specifies the time (*as day, month, and year*) and often the place of execution or making (a letter bearing the ⌢ *3 January 1856*)." (Emphasis added).
> Webster's Third New International Dictionary 576 (1966).

**4.** Examples illustrating that throughout the statutory scheme relating to trust deeds, the word "date" was used in its plain and ordinary sense, the day, month and year, are as follows, with emphasis supplied in each instance and quoted in pertinent part:

> A.R.S. § 33–808 A(1): "*The last date of publication* shall be not less than ten nor more than thirty days *prior to the date fixed for sale*"; A.R.S. § 33–808 A(2): "Posting of such notice, at least twenty days *before the date of sale* . . . ."; A.R.S. § 33–808 C setting forth the form for a notice of trustee sale: "Dated this ___ day of ___, 19___."; A.R.S. § 33–809 A: "The request shall . . . identify the trust deed . . . by stating . . . *the date the deed was recorded* . . . .", with the corresponding statutory form providing a blank space for the day, month and year; A.R.S. § 33–813 A: "If, *prior to the maturity date* fixed by contract . . . ."; A.R.S. § 33–813 D, again in a statutory form: "Dated this ___ day of ___, 19___."; and A.R.S. § 33–814 A: ". . . within three months *after the date of sale* . . . ."

most striking illustration of the legislative intent not to use "date" as including the specific time of the calendar day involved, is found in A.R.S. § 33–810 A which provides:

> "On the date and *at the time* . . . designated in the notice of sale . . ." (Emphasis added).

Separate and apart from the foregoing, the deed of trust statutes reflect reasons why the legislature has not extended the right to reinstate so as to include the actual date set for the sale. The statutory mechanics for reinstatement on their face require a cutoff at a point in time earlier than the sale. Under A.R.S. § 33–813 A, in order to reinstate, the trustor must pay *to the beneficiary* the amounts in default. Thereafter, under A.R.S. § 33–813 B, the beneficiary "shall notify the trustee in writing" of the curing of the defaults. There is no requirement that the beneficiary be present at the place of sale. Thus any construction which would allow a right of reinstatement continuing to the time of sale would be inconsistent with the other statutory provisions governing reinstatement.

We are aware of the Arizona Supreme Court's admonition in *Patton v. First Federal Savings and Loan Association of Phoenix*, 118 Ariz. 473, 578 P.2d 152 (1978), that the deed of trust statutory provisions must be strictly construed in favor of the borrower. However, here we find no room for construction. Unambiguous language needs no construction. *Continental Casualty Co. v. Industrial Commission*, 113 Ariz. 116, 547 P.2d 470 (1976). When considered in the context of the overall deed of trust statutory scheme, the legislative intent is clear and unambiguous, and the courts are not at liberty to effectively rewrite the statutes through the guise of judicial interpretation. As indicated in the various statutory provisions cited in footnote 4, *supra*, if the legislature had intended the result urged by the trustor and found by the trial court, it knew how to say so in clear and unambiguous language, *e. g.*, note again the language in A.R.S. § 33–807 B:

> ". . . at any time before the trust property has been sold . . . ."

This opinion would not be complete without some discussion of case law from other jurisdictions, especially *Kleinschmidt v. Hoctor, supra*, which apparently furnished the sole basis for the trial court's holding in this matter. That case involved a habeas corpus proceeding in which the petitioner was attempting to obtain his release after an insanity commitment. At the time of the prior commitment proceedings he had been given only two hours notice of the hearing, although the statute required that notice be given "a reasonable time before the date" of hearing. The court found that the notice two hours before the hearing was reasonable under the circumstances and did not violate the statute. First, we note that we do not find the court's analysis particularly persuasive. In any event, from a reading of the court's opinion it is apparent that its holding was based almost entirely upon the court's conception that under the particular set of facts facing the court, such a holding was necessary for the protection of the individual and society from a violent and destructive individual. We find no comparable facts in the litigation presented to this Court which would compel, much less justify, our ignoring the unambiguous statutory language found in A.R.S. § 33–813 A.

Examples demonstrating that when more than the calendar day was intended, the word "time" or "date" with specific modifying language was used are: A.R.S. § 33–807 B: "The trustee or beneficiary may file and maintain an action to foreclose a deed of trust at *any time before the trust property has been sold* under the power of sale"; A.R.S. § 33–808 A: "The trustee shall give written notice of the *time and place of sale* . . . ."; A.R.S. § 33–808 B: "The sale shall be held *at the time* . . . designated in the notice . . . .", with a statutory form for notice specifically including a blank for the hour, as well as the day, month and year for the sale; A.R.S. § 33–810 A: "*On the date and at the time* . . . designated in the notice of sale . . . ."; A.R.S. § 33–810 B: "The person conducting the sale may . . . postpone or continue the sale giving notice . . . *at the time* and place last appointed for sale."; and A.R.S. § 33–818: "[Various recorded documents] *shall from the time of being recorded* impart notice . . . ."

**442**

We have exhaustively researched decisions from other jurisdictions and have found none involving a sufficiently analogous statutory context or fact situation so as to be of aid here. *Provident Life & Accident Ins. Co. v. Hunter*, 165 F.2d 931 (4th Cir. 1948), although not directly in point, lends some support to the result we reach. There, an insurance policy provided double indemnity coverage if death of the insured occurred before the policy's tenth anniversary date. The insured died at 3:00 a. m. on the tenth anniversary date. The argument was made that the tenth anniversary date could not occur earlier than business hours of the crucial day. The Court of Appeals denied double indemnity coverage stating:

> "The condition of the policy is that death occur before the tenth anniversary date, not before business hours on that date. The anniversary date, as we have seen, was January 24th; and, since death did not occur before that date, the double protection clause has no application.

> \* \* \* \* \* \*

> "However much we might desire to extend the double protection clause to a death occurring only three hours after its coverage expired, there is nothing which justifies our ignoring the plain words of the policy. In such a situation it is important to remember the old maxim that hard cases are the quicksands of the law." 165 F.2d at 933.

Likewise, here we find nothing which would justify our ignoring the plain words of the statute so as to extend the trustor's reinstatement rights beyond those set forth by the legislature in the pertinent statutory provisions.

The judgment entered by the trial court against appellant is reversed.

EUBANK, P. J., and WREN, J., concur.