129 Ariz. 171 (1981)
629 P.2d 1007
Hector E. LeDESMA and Rose E. LeDesma, his wife, Plaintiffs-Appellants,
v.
PIONEER NATIONAL TITLE INSURANCE COMPANY, a California Corporation, Defendant-Appellee.
No. 1 CA-CIV 4764.
Court of Appeals of Arizona, Division 1, Department B.
April 2, 1981.
Rehearing Denied May 12, 1981.
Review Denied June 2, 1981.
*172 Miller, Mark & Simon, Ltd. by Joseph B. Miller, Phoenix, for plaintiffs-appellants.
Streich, Lang, Weeks & Cardon, P.A., by William S. Hawgood, II, and Don P. Martin, Phoenix, for defendant-appellee.
OPINION
HAIRE, Presiding Judge.
The sole question presented in this appeal is whether A.R.S. § 33-809 requires that a trustee mail two separate copies of a notice of sale to a trustor in default under a deed of trust, when that trustor still appears to have an interest in the trust property at the time of the recording of the notice of sale.
The facts are simple and undisputed. Appellants executed a note in the amount of $2,779.33 to Maria Elisabeth Sabeff. Payment was secured by a deed of trust given by appellants as trustors to the appellee Pioneer National Title Insurance Company as trustee for Maria Sabeff. Appellants failed to make specified payments on the note when due and Maria Sabeff eventually elected to foreclose the deed of trust. That Pioneer National Title published, posted and recorded a notice of the impending sale of the property in compliance with A.R.S. §§ 33-808A is not in dispute on appeal.[1] Pioneer also mailed a copy of the notice of sale to appellants, in compliance with A.R.S. § 33-809C. On April 25, 1978, the trust property was sold at a trustee's sale. Appellants were 34 months in default at that time.
Appellants commenced this action on May 15, 1978, to void the sale by reason of an alleged failure on the part of the trustee to mail them a second notice of the sale within 30 days after recordation of the notice of sale by the trustee. The trial court granted Pioneer's motion for summary judgment on this issue.
The essence of appellants' claim is that at the time the trustee recorded the notice of sale, appellants fell under two different classifications of A.R.S. § 33-809, the first being that of "persons who were parties to the trust deed" under § 33-809C, and the second being that of a person appearing to have "an interest in any of the trust property" at the time of the recording of the notice of sale under § 33-809B(2). A.R.S. § 33-809C requires that the trustee "within five days after the recordation of [the] notice of sale" mail a copy of the notice of sale to the persons who were parties to the trust deed. Appellants, as trustors and parties to the trust deed, admit that the trustee fully complied with this statutory requirement. However, notwithstanding the admitted mailing and receipt of the notice of sale required by § 33-809C, appellants contend that, in addition, the trustee was required to mail them a duplicate copy of the notice of sale under § 33-809B(2) because at the time of the recording of the notice of sale they were also persons appearing to have an interest in the trust property.[2]
*173 Appellants' assertion that the statute requires that they be mailed a notice pursuant to A.R.S. § 33-809B(2) in addition to the one mailed to them pursuant to § 33-809C is based upon a theory that strict compliance with the literal terms of the statutes requires repeated notices to the trustor. We note that appellants characterized their position as "highly technical" in the trial court.
There is no question that strict compliance with notice requirements is essential to a valid sale. Patton v. First Federal Savings and Loan Assn., 118 Ariz. 473, 578 P.2d 152 (1978); see Schoonover v. Arizona Title Insurance and Trust Co., 126 Ariz. 438, 616 P.2d 898 (App. 1980); Hart v. Bayless Investment and Trading Co., 86 Ariz. 379, 346 P.2d 1101 (1959); Yuma County v. Arizona Edison Co., 65 Ariz. 332, 180 P.2d 868 (1947); Lewis v. Ehrlich, 20 Ariz. App. 363, 513 P.2d 153 (1973). It is abundantly plain, however, that the legislature intended in A.R.S. § 33-809 to provide for notice by mail to three classes of persons, which are, in inverse order: 1) parties to the trust deed, A.R.S. § 33-809C; 2) persons having an interest in the property, A.R.S. § 33-809B(2); and 3) persons who have recorded a "Request for Notice", A.R.S. § 33-809B(1). Those persons who fall within the first classification must be mailed a copy of the notice of sale within five days after it is recorded. Appellants, as trustors, fell within this classification and a copy was duly mailed to them. The persons falling within the second and third classifications must be mailed a copy of the notice of sale within 30 days after it is recorded. It would appear that a mailing within five days to a person as a trustor would also constitute full compliance with the 30 day mailing requirement when the same person also falls within the second and third classifications, unless there can be found in the statute a manifestation of a legislative intent that separate or multiple copies of the same notice of sale are required.
We see nothing in the statute which would justify appellants' interpretation. If we were to assume that appellants had also recorded a formal "Request for Notice", they would then fall within all three classifications discussed above. Under appellants' suggested interpretation of the statute, the trustee would then be required to mail to them three copies of the notice of sale, but this multiple copy requirement could be satisfied by placing the three identical copies in the same mailing envelope. This is true because the five and 30 day time periods set forth in A.R.S. § 33-809 run concurrently from the date of recordation of the notice of sale. By mailing a copy of the notice of sale to the trustor "within five days after the recordation" (in compliance with A.R.S. § 33-809C), the trustee has also mailed a copy "not later than 30 days after recording" (in compliance with the other two classifications under A.R.S. § 33-809B). Thus, to fully comply with the statute in accordance with the appellants' interpretation of its meaning, the trustee could simply stuff additional copies of the notice of sale into the same envelope, assuming that the mailing, as in this case, occurred within five days of recording. Appellants have suggested no reason why the legislature would provide for repeated notice to the trustor, and the construction for which appellants advocate would to some extent conflict with one of the basic purposes of the act, to provide for *174 expeditious foreclosure proceedings. See Andreola v. Arizona Bank, 26 Ariz. App. 556, 550 P.2d 110 (1976).
We therefore hold that the trustee fully complied with the mailing of notice requirements of A.R.S. § 33-809 and that the trial judge did not err in granting appellee's motion for summary judgment. Since appellants have abandoned the only other issue raised in their complaint, upon remand final judgment shall be entered in favor of appellee.
JACOBSON and EUBANK, JJ., concur.
NOTES
[1] After taking depositions appellants abandoned their claim that the notice of sale had not been posted in accordance with A.R.S. § 33-808A(2).
[2] Subsections B and C of A.R.S. § 33-809 provide as follows:

"B. Not later than thirty days after recording the notice of sale, the trustee or beneficiary shall mail by certified or registered mail with postage prepaid a copy of such notice with the recording date shown thereon, addressed as follows:
"1. To each person whose name and address are set forth in a request for notice, which has been recorded prior to the recording of the notice of sale, directed to the address designated in such request.
"2. To each person who, at the time of recording of the notice of sale, appears on the records of the county recorder in the county in which any part of the trust property is situated to have an interest in any of the trust property. Such copy of the notice shall be addressed to the person whose interest so appears at the address and in care of the person to whom the recorded document evidencing such interest was directed to be mailed at the time of its recording. If any person having such an interest or the trustor, or any person who has recorded a request for notice, desires to change the address to which notice shall be mailed, such change shall be accomplished by a request as provided under this section.
"C. The trustee or beneficiary shall, within five days after the recordation of such notice of sale, mail by certified or registered mail, with postage prepaid, a copy of any notice of sale to each of the persons who were parties to the trust deed. The copy of the notice mailed to the party shall be addressed to the mailing address specified in the trust deed or to any subsequent address specified by a request for a copy pursuant to subsection A. In addition, notice to each such party shall contain a statement that a breach or nonperformance of the trust deed or a contract secured by the trust deed or both has occurred, and setting forth the nature of such breach or nonperformance and of the beneficiary's election to sell or cause to be sold such property under the trust deed and the additional notice shall be signed by the beneficiary or his agent."