806 P.2d 362

**SECURITY SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Petitioner,**

**v.**

**The Honorable Norman S. FENTON and the Honorable Harry Gin, Judges for the Superior Court of the State of Arizona, County of Pima, Respondents,**

**and**

**WELLS JOHNSON COMPANY, an Arizona corporation, John F. Wells and Elaine B. Wells, Real Parties in Interest.**

**No. 2 CA-SA 90-0171.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 29, 1990.

As Corrected Dec. 7, 1990.

Reconsideration Denied Jan. 4, 1991.

Review Denied March 5, 1991.

Murphy & Posner by Robert R. Bauer, Phoenix, for petitioner.

Russo, Cox & Russo, P.C. by Karl MacOmber, Tucson, for real parties in interest.

OPINION

HOWARD, Judge.

Petitioner, Security Savings and Loan Association, has brought this special action to challenge both the trial court's denial of its motion for summary judgment and the denial of its motion to quash *lis pendens.* Because we believe the trial judges involved abused their discretion in denying the motions, and because the matter at issue is one of statewide concern, we assume jurisdiction and grant relief. *Southwest Cooperative Wholesale v. Superior Court,* 13 Ariz.App. 453, 477 P.2d 572 (1970).

The applicable facts are as follows. On December 20, 1985, petitioner loaned Wells Johnson Company $2,800,000 to develop an industrial/commercial real estate project in Tucson. John F. and Elaine B. Wells personally guaranteed the loan. After the borrowers defaulted, Security Savings purchased the subject property on January 4, 1989, at the trustee sale for the bid price of $2,320,000. The property had been appraised for that amount in November 1987, although it was later appraised in March 1989 at only $1.2 million. Petitioner maintained that real parties in interest owed $3,345,015 as of the date of the trustee sale and commenced an action in superior court on March 30, 1989, against the real parties in interest to recover the deficiency of $1,025,015. The real parties in interest answered, counterclaimed and recorded a *lis pendens* based on their claim that the trustee sale was invalid. On October 29, petitioner filed a motion for summary judgment on the amended counterclaim, which sought to set aside the trustee sale for an unreasonably low bid. The trial court denied the motion for summary judgment, stating that "the factual matters in dispute cannot be resolved by affidavits or the present state of the record and, accordingly, since material issues of fact remain to be litigated, summary judgment would be inappropriate." On August 17, 1990, petitioner filed a motion to quash the *lis pendens.* The importance of the attempt to quash has increased since on May 1, 1990, petitioner entered a contract to sell one-half of the subject property for $555,942, and the closing has been extended several times and is now scheduled for November 30, 1990. The title insurance commitment is conditioned on the release of the *lis pendens.* The motion to quash was heard by another superior court judge, who denied the motion, stating that the judge who heard the summary judgment motion "must have decided that a Trustee's sale can be set aside because of an inadequate bid. Such is the law of the case."

The issue is whether a trustee sale can be voided for inadequacy of price. The

facts are not in dispute and the issue is a matter of law, a matter of first impression in Arizona.

The setting aside of a trustee sale for inadequacy of price has no basis in either Arizona case law or statute. Trustee sales are governed by A.R.S. § 33-801 *et seq.*, which statutory scheme is designed to provide expeditious foreclosure sales. *LeDesma v. Pioneer National Title Insurance Co.*, 129 Ariz. 171, 629 P.2d 1007 (App.1981). At the time of the sale, the trustors and guarantors were protected from a sale at which an inadequate or unreasonable price is bid by A.R.S. § 33-814(A).[1] That subsection stated in pertinent part:

> [A]n action may be maintained to recover a deficiency judgment against any person directly, indirectly or contingently liable on the contract for which the trust deed was given as security including any guarantor of or surety for the contract and any partner of a trustor or other obligor which is a partnership. In any such action against such a person, the deficiency judgment shall be for an amount equal to the sum of the total amount owed the beneficiary as of the date of the sale, as determined by the court and the amount owed on all prior liens and encumbrances with interest, less the fair market value of the trust property on the date of the sale as determined by the court or the sale price at the trustee's sale, whichever is higher.

The statutes do not authorize, nor is there a necessity to, record a *lis pendens* based on a claim of inadequacy of the trustee sale bid. The real parties in interest are protected since their liability will not extend to the full amount of the deficiency if the sale price was not at least equal to the fair market value of the property. In *C.R. Oller v. Sonoma County Land Title Co.*, 137 Cal.App.2d 633, 290 P.2d 880 (1955), the court stated:

> However, even assuming that the price was inadequate, that fact standing alone would not justify setting aside the trustee's sale. 'In California, it is a settled rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale legally made; there must be in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price.'

137 Cal.App.2d at 635, 290 P.2d at 882 (citations omitted). Real parties in interest's reliance on *Patton v. First Federal Savings & Loan Assoc. of Phoenix*, 118 Ariz. 473, 578 P.2d 152 (1978), and upon *Crossman v. Meek*, 27 Ariz.App. 477, 556 P.2d 325 (1976), is misplaced. *Patton* held that a trustee sale could be voided if it were found there was an irregularity in the sale procedure. No such allegation is made here. And *Crossman* arose out of execution sale rules, and did not arise under the deed of trust statute, where the protection afforded by A.R.S. § 33-814(A) is not available.

The real parties in interest claim that the trustee sale was "tainted," alleging some type of collusive agreement between petitioner and a potential buyer of a portion of the property. The allegations have no bearing on the way the trustee sale was conducted, nor do the real parties in interest claim that the fair market value of the property on the date of the sale was affected by any such agreement. Therefore, the real parties in interest are left with, as their sole argument, that the sale should be set aside based on mere inadequacy of price. There is no authority for the proposition and, as we have discussed, the statutory protection undercuts any argument the real parties in interest might have in this regard.

We find as a matter of law that there was no basis to the real parties in interest's counterclaim that the trustee sale should be voided. Therefore, the trial court erred in denying the motion for summary judg-

1. This statute has been amended by Laws 1990, Ch. 341, § 4, but the amendment has not substantively changed the pertinent language of the former statute.

ment as to that counterclaim and, concomitantly, the trial court erred in denying the motion to quash the *lis pendens.* The orders denying said motions are vacated, and the matter is remanded with directions to grant both motions forthwith.

FERNANDEZ, C.J., and ROLL, P.J., concur.